Todd Friedman, CA Bar No. 216752
tfriedman@attorneysforconsumers.com
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: (877) 206-4741
Fax: (866) 633-0228

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

BOCKY KITCHIN,

                    Plaintiff,

    v.

CARRINGTON MORTGAGE SERVICES,
LLC. & EQUIFAX INFORMATION
SERVICES, LLC.,

                    Defendants.

No.

COMPLAINT &
JURY DEMAND

## COMPLAINT

NOW COMES the Plaintiff, BOCKY KITCHIN, by and through his attorneys, LAW OFFICES OF TODD M. FRIEDMAN, and for his complaint against CARRINGTON MORTGAGE SERVICES, LLC. and EQUIFAX INFORMATION SERVICES, LLC., Plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et

seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

## II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES

4.      BOCKY KITCHIN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Elmira Heights, County of Chemung, State of New York.

5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

6.      CARRINGTON MORTGAGE SERVICES, LLC., (hereinafter, "Carrington") is a business entity engaged in the servicing of mortgage loans. Many of the loans that are serviced by Carrington are in default, and many of the accounts they service were in default at the time said account was transferred to Carrington for servicing.

7.      Defendant's principal place of business is located in the State of California.  Defendant is incorporated in the State of California

8.      The principal purpose of Carrington's business is the collection of debts allegedly owed to third parties.

9.      Carrington regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.     During the course of its efforts to collect debts allegedly owed to third parties, Carrington sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.     At all relevant times, Carrington acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.     At all relevant times, Carrington acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13.     EQUIFAX INFORMATION SERVICES, LLC., (hereinafter, "Equifax") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Illinois, is a citizen of the State of Illinois.

14.     At all relevant times Equifax was a "person" as that term is defined by 15 U.S.C. §1681a(b).

15.     At all relevant times Equifax was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

### IV.     ALLEGATIONS
### COUNT I:
### BOCKY KITCHIN v. CARRINGTON MORTGAGE SERVICES, LLC.
### FOR VIOLATIONS OF THE FDCPA

16.     In about October of 2000, Plaintiff obtained a home loan from CitiMortgage, Inc. (hereinafter "Citi") which was assigned account number 410542 (hereinafter "the Loan").

17.     In 2002, Plaintiff filed a Chapter 7 bankruptcy petition, and on that petition, included the Loan as a debt to be discharged in the bankruptcy.

18.     On September 9, 2002, the United States Bankruptcy Court for the Western District of New York, entered an order granting Plaintiff a discharge under his Chapter 7 petition, and then and there discharged Plaintiff's obligation to pay the Loan.

19.     Plaintiff continued to make regular monthly payments to Citi until 2010, and on November 1, 2012, Plaintiff vacated the premises secured by the Loan.

20.     On or about August 6, 2013, Citi either transferred or sold the Loan to Carrington.

21.     Upon receiving notice of the aforesaid transfer or sale, in correspondence dated August 30, 2013, Plaintiff provided notice to  Carrington

that the debt had been discharged in bankruptcy in 2002 and that there should be no further attempts to collect this debt from him.

22.    On October 4, 2013, Carrington sent correspondence to Plaintiff advising him that they have added the bankruptcy information to their system, and would start to report the debt as "discharged Chapter 7 Bankruptcy since 2002)."

23.    Thereafter, Carrington began to communicate to Equifax, as well as other credit reporting agencies as defined by 15 U.S.C. §1681a(f), and transmitted information that the date of the first delinquency on the account occurred in December of 2010 and that the date the first major delinquency was reported was in November of 2013.  Furthermore, Carrington included in the status that the account was included in bankruptcy.

24.    The information Carrington reported was untrue, inaccurate and incorrect and causes the appearance that Plaintiff only recently started missing payments and declared bankruptcy, when in fact Plaintiff discharged this account over ten years prior, and had merely made payments while occupying the premises, though under no legal obligation to do so.

25.    The reporting of the Loan by Carrington caused the account to remain on his credit report as a derogatory account though the account should no longer have been reported pursuant to the provisions of the FCRA, 15 U.S.C. §1681c(a)(1).

26.     In its attempts to collect the Loan allegedly owed by Plaintiff, Carrington violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

      a.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

      b.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

      c.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

      d.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27.     As a result of Carrington's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BOCKY KITCHIN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Carrington as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages of $1,000.00;

      c.     Plaintiff's attorneys' fees and costs;

      d.     Any other relief deemed appropriate by this Honorable Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT II:
## BOCKY KITCHIN v. CARRINGTON MORTGAGE SERVICES, LLC.
## FOR VIOLATIONS OF THE FCRA

28.  Plaintiff re-alleges paragraphs 16 through 25 as though fully set forth herein.

29.  The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

30.  Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

31.  In November 2013 and again in December of 2013 Plaintiff disputed the inaccurate information with Equifax by written communication to its representatives and by following Equifax's established procedure for disputing consumer credit information.

32.   Furthermore, Plaintiff enclosed with his written dispute to Equifax documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

33.    Plaintiff received a confirmation number from Equifax relative to his dispute.

34.    Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Carrington of Plaintiff's dispute and the nature of the dispute.

35.    Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Equifax, Carrington received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

36.    Carrington then and there owed Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff by Defendant.

37.    Notwithstanding Plaintiff's efforts and Carrington's duties, Carrington continued publishing the inaccurate information and Carrington continued to publish and disseminate such inaccurate information to other credit reporting agencies.

38.    Despite Plaintiff's efforts to date, Carrington has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to note the

disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

39.   As a result of Carrington's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BOCKY KITCHIN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.  All actual compensatory damages suffered;

      b.  Statutory damages of $1,000.00;

      c.  Plaintiff's attorneys' fees and costs;

      d.  Any other relief deemed appropriate by this Honorable Court

## COUNT III:
## BOCKY KITCHIN v. EQUIFAX INFORMATION SERVICES, LLC., FOR VIOLATIONS OF THE FCRA

40.   Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

41.   At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

42.   Equifax has been reporting to third parties the aforesaid derogatory and inaccurate statements regarding the Carrington account and information

relating to Plaintiff and Plaintiff's credit history (hereinafter, "inaccurate information").

43.    The aforesaid Carrington account had been included in a bankruptcy petition and said debt was discharged in 2002. As such the account has reached an age where it should no longer be reported. Moreover, the account is being reported that the date of the first delinquency on the account occurred in December of 2010 and that the date the first major delinquency was reported was in November of 2013

44.    Despite the foregoing, Equifax has disseminated credit reports and/or information that the accounts are his debts and in collections.

45.    The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

46.    The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

47.    In November of 2013 and again in December of 2013 Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Equifax's established procedure for disputing consumer credit information.

48.    Furthermore, Plaintiff enclosed with his written dispute to Equifax documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

49.    Plaintiff received a confirmation number from Equifax relative to his dispute.

50.    Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Carrington of Plaintiff's dispute and the nature of the dispute.

51.    Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Equifax, Carrington received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

52.    Upon information and belief, Equifax received the results of Carrington's investigation as to Plaintiff's dispute.

53.    Upon information and belief, Equifax updated the reporting of the account(s) at issued solely based upon the information it received from Carrington's in response to Plaintiff's dispute.

54.     Notwithstanding Plaintiff's efforts, Equifax instead has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

55.     Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

56.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of attempts to obtain credit in his name;
   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;
   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;
   d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,
   e. Decreased credit score which may result in inability to obtain credit on future attempts.

57.     At all times pertinent hereto, Equifax was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Equifax.

58.     At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

59.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

      a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

      b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

      c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

      d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

      e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

60.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the

attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, BOCKY KITCHIN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Equifax as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Punitive damages;

d.  Plaintiff's attorneys' fees and costs; and,

e.  Any other relief deemed appropriate by this Honorable Court.

## V.   JURY DEMAND

61.     Plaintiff hereby demands a trial by jury on all issues so triable.


Respectfully Submitted,


**By:** s/Todd M. Friedman
Todd Friedman
Attorney for Plaintiff,
BOCKY KITCHIN